The **NATIONAL CASH REGISTER COMPANY, Plaintiff,**

v.

**Elliott L. RICHARDSON, Secretary of the Department of Health, Education and Welfare, Defendant.**

**Civ. A. No. 312-71.**

United States District Court,
District of Columbia.

Feb. 17, 1971.

Walter Freedman, Jay Freedman, Arnold Levy, Washington, D. C., for plaintiff.

Robert Rankin, Asst. U. S. Atty., Ronald Guttmann, Counsel, HEW, Manuel Hiller, Counsel, HEW, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GESELL, District Judge.

Plaintiff is the losing party in a negotiated bidding process on a contract with HEW for production and distribution of microfiche and "hard" copies of educational documents. It seeks an injunction cancelling the award of the contract to Leasco Information Products, and directing either that the contract be awarded to plaintiff or that the contract be renegotiated and new bids received. Preliminarily, plaintiff seeks an injunction to prevent implementation of the contract with Leasco, which is to begin performance on February 21, 1971, pending action by the Comptroller General on plaintiff's protest of the award. A motion for a temporary restraining order was denied on February 4, and the motion for a preliminary injunction was heard on affidavits and oral argument on February 12. No declaratory relief is requested. Leasco is not a party to this suit, but has submitted a brief as amicus in opposition to the motion for a preliminary injunction.

The asserted irregularities in the award to Leasco consist of (1) alleged misrepresentations made to plaintiff by HEW officials in inducing it to agree to a cancellation of an initial award to it; (2) a failure to issue a new solicitation after cancelling the original award; (3) permitting offerors to submit revised bids after the time set for submission of "best and final offers;" and (4) an informal conference held by HEW officials with Leasco representatives after the time for negotiation had been closed.

As to the first contention, the affidavits are inconclusive. While plaintiff's other contentions find considerable support in the affidavits, the factual issues are not free from doubt. The practices of HEW in awarding the contract were sloppy if not irregular. The Court does not find it necessary to determine plaintiff's likelihood of success in proving the illegality of the award to Leasco, for plaintiff has in any event failed to show the flagrant disregard for the regularity of contracting procedures and other factors bearing on the public interest which would justify extraordinary relief by way of injunction. Leasco has made plans and incurred expenses to commence work on the contract on February 21. An injunction would halt its performance under the contract already awarded, and oblige HEW to suspend its program or possibly to proceed on some interim basis. This would change, not preserve, the status quo.

Plaintiff's motion for a preliminary injunction is denied and the complaint dismissed.